# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL, Plaintiff, v. RUDOLPH AND SLETTEN INC., Defendant. | Case No. 18-cv-01402-PJH (KAW) **ORDER REGARDING DISCOVERY LETTER** Re: Dkt. No. 59 |
| GEORGETTE G. PURNELL, Plaintiff, v. SERVICE WEST INC., Defendant. | Case No. 18-cv-01404-PJH (KAW) **ORDER REGARDING DISCOVERY LETTER** Re: Dkt. No. 59 |

On March 2, 2018, Plaintiff Georgette G. Purnell filed these cases against Defendant Rudolph and Sletten, Inc. and Service West, Inc., alleging discrimination on the basis of race, sex, and national origin. (R&S Compl. ¶ 5, R&S Dkt. No. 1; SW Compl. ¶ 5, SW Dkt. No. 1.[1]) On November 29, 2018, Defendants filed separate but identical discovery letters regarding Plaintiff's refusal to respond to Requests for Production ("RFPs") or to provide responsive documents, as well as Plaintiff's failure to provide initial disclosures to Defendant Rudolph and Sletten. (R&S Letter, R&S Dkt. No. 56; SW Letter, SW Dkt. No. 55.)

On December 11, 2018, the undersigned ordered Plaintiff to respond to the RFPs and to provide initial disclosures, explaining that "Plaintiff is not entitled to refuse to respond to the RFPs

---

[1] "R&S Dkt." refers to the docket in Case No. 18-cv-1402-PJH, while "SW Dkt." refers to the docket in Case No. 18-cv-1404-PJH.

or to provide initial disclosures." (R&S Dkt. No. 58 at 3; SW Dkt. No. 58 at 3.) The Court warned Plaintiff that failure to cooperate in discovery could lead to sanctions, including monetary, evidentiary, or terminating sanctions. (R&S Dkt. No. 58 at 4; SW Dkt. No. 58 at 4.)

On December 17, 2018, Plaintiff filed identical letters -- dated December 2, 2018 -- responding to Defendants' discovery letters. (R&S Dkt. No. 59; SW Dkt. No. 59.) Plaintiff asserted that she had addressed Defendants' discovery concerns in a June 3, 2018 correspondence. (R&S Dkt. No. 59 at 2; SW Dkt. No. 59 at 2.) Further, because "the facts of the matter remaining the same as presented in the complaint and the case management statements offered by plaintiff . . . no further orders regarding plaintiff to produce any documents would be necessary." (*Id.*) Plaintiff also attached the June 3, 2018 correspondence, which stated that the discovery she intended to provide was located in the complaint and the case management statement. (R&S Dkt. No. 59 at 5; SW Dkt. No. 59 at 5.)

This is not a sufficient reason to not produce documents. It is not enough to state that the facts of the case are the same as in the complaint and the case management statements; Plaintiff must still *prove* her case with actual evidence, and provide that evidence to Defendants to the extent it has been requested. Plaintiff cannot rely on allegations in her complaint or filings to prosecute the case; she must substantiate her claims.

For those reasons, the Court ORDERS Plaintiff to respond to Defendants' RFPs and to provide initial disclosures, as previously ordered in the Court's December 11, 2018 order. (*See* R&S Dkt. No. 58 at 4; SW Dkt. No. 58 at 4.) Plaintiff's responses remain due by December 26, 2018.[2]

IT IS SO ORDERED.

Dated: December 19, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] The Court gave Plaintiff fourteen days from December 11, 2018 to provide discovery responses. As fourteen days from December 11, 2018 is December 25, 2018, a holiday, Plaintiff's response is due on the next business day.